**In re Oscar WILLIAMS, II, Debtor.**

**No. 8:05 BK 29972 CPM.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 17, 2006.

Oscar Williams II, Tampa, FL, pro se.

## ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER DISMISSING CASE

CATHERINE PEEK McEWEN,
Bankruptcy Judge.

THIS CASE came on for consideration of the Debtor's motion for reconsideration of this Court's order dismissing his Chapter 13 case for various filing deficiencies and for failure to attend the scheduled meeting of his creditors. The Debtor has requested that the Court reconsider the order dismissing his case and permit him an enlargement of time to cure the filing deficiencies and attend a meeting of his creditors. This case is a case that was filed after the Bankruptcy Code was amended by the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"). Unlike cases filed before BAPCPA became effective, the Court has less—and sometimes no—discretion to grant relief in BAPCPA cases under certain circumstances. Unfortunately, this case presents one of those circumstances.

Under 11 U.S.C. section 521(a)(7)(i)(1), a case is automatically dismissed on the 46th day after the case is filed if a debtor has not by then filed certain papers, i.e., those specified in 11 U.S.C. section 521(a)(1). Some of those papers are papers the Debtor did not file on or before February 3, 2006, the 45th day after he filed his petition. While 11 U.S.C. section 521(i)(3) permits a court to grant up to a 45–day enlargement of time to file the papers required by section 521(a)(1), the request for such an enlargement must be made within the first 45–day period. The Debtor's request was not made until March 10, 2006. As such, this case presents one of the situations under BAPCPA where the Court at one time had some—albeit limited—discretion to grant an enlargement, but now it has no discretion whatsoever to grant the Debtor the relief he seeks. Accordingly, it is

ORDERED that, because BAPCPA gives the Court no choice, the Debtor's motion is denied. It is further

ORDERED that if the Debtor chooses to file a new case, the Debtor should be advised that filing fees for Chapter 7 and 13 cases will increase effective April 9, 2006, and that the credit counseling certificate he obtained in connection with this case will satisfy the requirement for credit counseling in a subsequent case only if the date he obtained the counseling falls within the 180–day period preceding the filing date of the subsequent case.