**In re Terence OTT and Lynne L. Midgley Ott, Debtors.**

**No. 05–52803–SBB.**

United States Bankruptcy Court, D. Colorado.

April 12, 2006.

Philipp C. Theune, Esq., Theune Law Offices, PC, Denver, for the Debtors.

## MEMORANDUM OPINION AND ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court for hearing on March 14, 2006, on the Motion to Vacate Order of Dismissal under Federal Rule of Civil Procedure 60(b), and to Permit a Late Filing under Federal Rule of Bankruptcy Procedure 9006 ("Motion to Vacate") filed by Terence Ott and Lynne Midgley Ott ("Debtors") on January 5, 2006 (Docket # 22). The Court, having reviewed the Motion to Vacate,[1] the Court's file in this matter, and the revisions to the Bankruptcy Code by way of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPC-

---

1. Counsel was invited to file a further brief on this matter on or before March 24, 2006, but this Court has been advised that counsel and his client have determined that they will not file any further brief on this matter.

PA"), makes the following findings of fact, conclusions of law and Order.

## I. *Background*

On October 18, 2005, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code. The relief was sought just two days after the effective date of most of the provisions of BAPCPA.

On October 18, 2005, the Court entered its Notice of Deficiency (Docket # 9). Evidently, on October 22, 2005, Debtors' counsel received a Notice of Deficiency from the Bankruptcy Court. The Notice of Deficiency advised the Debtors that they failed to file with the Court (1) the requisite payment advices and (2) the credit counseling certification. The Court set November 7, 2005, as the deadline to cure the deficiencies.

Counsel for the Debtors advised this Court that the Debtors had completed the required credit counseling and delivered that certificate to counsel. However, counsel had inadvertently filed a certificate of financial management rather than the credit counseling certification. Counsel for the Debtors corrected that error on October 27, 2005, by filing the correct credit counseling certificate.

Counsel for the Debtors stated that he requested the payment advices from the Debtors on or about November 3, 2005, but that he may have neglected to advise the Debtors that the payment advices were due to be filed with the Court on November 7, 2005. The payment advises were not timely filed.[2]

The Debtors' case was dismissed on December 16, 2006, because of Debtors' failure to comply with 11 U.S.C.

§ 521(a)(1)(B)(iv). On January 5, 2006, Debtors filed their Motion to Vacate asserting that, pursuant to FED.R.CIV.P. 60(b), this Court should vacate its Order dismissing the case because of the "excusable neglect" of Debtors' counsel in failing to file the requisite payment advices due to (1) counsel's filing errors and/or omissions and (2) "confusion over the requirements of BAPCPA regarding deadlines and the new documents required." [3]

## II. *Issue*

The issue presented to this Court is whether a bankruptcy court has *any* discretion to enlarge the time limitations set forth in 11 U.S.C. § 521(i)(1) after the expiration of those time limitations under FED.R.BANKR.P. 9006(b) and/or applicable case law defining "excusable neglect."

The Court concludes that under BAPCPA, the answer to this question is an unequivocal *no*, the Court has no discretion to enlarge the time limitations of 11 U.S.C. § 521(i)(1) after the expiration of those time limitations.

## III. *Discussion*

### A. Introduction

█ To fully understand the seeming harshness and inflexibility of the conclusion reached in this decision, one must understand that this Court's hands are tied by the operation of the express language of 11 U.S.C. § 521(i), as it was written and intended to be implemented by Congress. As the House Report explains, BAPCPA

> is a comprehensive package of reform measures pertaining to both consumer and business bankruptcy cases. The

---

**2.** Counsel states that the documents were scanned for filing on November 15, 2005, but "for reasons unclear, were not e-filed." Motion to Vacate ¶ 5, at 2.

**3.** Motion to Vacate ¶ 20, at 4.

purpose of the bill is to improve bankruptcy law and practice by restoring personal responsibility and integrity to the bankruptcy system and *ensure that the system is fair for both debtors and creditors.*[4]

With respect to the interests of creditors, the proposed reforms respond to many of the factors contributing to the increase in consumer bankruptcy filings, such as lack of personal financial accountability, the proliferation of serial filings, and the absence of effective oversight to eliminate abuse in the system.[5]

Congress noted, in particular, one academic's statement with respect to the new law:

> [S]hoplifting is wrong; bankruptcy is also a moral act. Bankruptcy is a moral as well as an economic act. There is a conscious decision not to keep one's promises. It is a decision not to keep one's promises. It is a decision not to reciprocate a benefit received, a good deed done on the promise that you will reciprocate. Promise-keeping and reciprocity are the foundation of an economy and healthy civil society.[6]

It would seem it is with this lens that Congress viewed debtors—*as moral equivalents to "shoplifters"*—in enacting BAPCPA. In so doing, it created a law that is sometimes self-executing, inflexible, and unforgiving. 11 U.S.C. § 521(i) is just one of those provisions.

## B. Bankruptcy Courts Have No Discretion to Enlarge the Time Limitations Set Forth in 11 U.S.C. § 521(i)(1) After the Expiration of Those Time Limitations Under FED.R.BANKR.P. 9006(b) and/or Applicable Case Law Defining "Excusable Neglect."

■ Under BAPCPA, debtors have been given additional duties from the prior law. One of these provisions is found in 11 U.S.C. § 521(a)(1)(B)(iv), the debtor shall file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor."

Under 11 U.S.C. § 521(i):

(1) Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, *the case shall be automatically dismissed* effective on the 46th day after the date of the filing of the petition.

(2) Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 5 days after such request.

(3) Subject to paragraph (4) and upon request of the debtor made within 45

---

**4.** This statement, in the context of BAPCPA's creditor-friendly language throughout, aptly illustrates the tone and substance of BAPCPA—it is to remedy a perceived imbalance in the Code favoring debtors. Regardless of whether that perception was accurate or not, Congress clearly adjusted the perceived imbalance in favor of creditors.

**5.** H.R.Rep. No. 31, 109th Cong., 1st Sess., at 2 (2005), U.S.Code Cong. & Admin.News

2005, pp. 88, 89 (footnotes omitted)(emphasis added).

**6.** *Id.* at n. 1 (citing Bankruptcy Reform: Joint Hearing Before the Subcommittee on Commercial and Administrative Law of the House Committee on the Judiciary and the Subcommittee on Administrative Oversight and the Courts of the Senate Committee on the Judiciary, 106th Cong. 98 (1999) (statement of Professor Todd Zywicki)).

days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.

(4) Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

In this case, the 45–day time limit to file the payment advices ran on December 2, 2005. However, the Debtors did not (1) file their payment advices or (2) request additional time before the expiration of the 45–day limit under 11 U.S.C. § 521(i)(3). Moreover, the Chapter 7 Trustee did not file a motion under 11 U.S.C. § 521(i)(4) to retain the case in the Bankruptcy Court. Consequently, this case was dismissed.[7]

▆▆▆▆ As the Honorable Judith A. Boulden, Bankruptcy Judge for the District of Utah, noted in the recent decision of *In re Fawson*:

> The section provides that the case is automatically dismissed on the 46th day if an individual debtor fails to file the § 521(a)(1) papers within 45 days of the filing petition. Automatic means "acting or operating in a manner essentially independent of external influence or control." Section 521(i)(1) does not contemplate any independent action by the Court or any other party—the case is merely dismissed by operation of the statute itself. There is no ambiguity.[8]

The Debtors' case was "automatically" dismissed by operation of the statute long before the Debtors filed the Motion to Vacate.[9] Because of the intended and express charge of Congress in enacting new provisions of section 521, bankruptcy courts cannot grant the type of relief here requested by the Debtor because the "excusable neglect" exception has been effectively legislated out of the hands of this

---

**7.** *Conceivably,* under the proper set of circumstances, a Court might, *within the time limits set under 11 U.S.C. § 521(i),* be able to use 11 U.S.C. § 105(a) to further the provisions of the Code and, on its own, raise a motion under 11 U.S.C. § 521(i)(3) or (4), and after notice and hearing, extend the time period if (1) the relief is in "the best interest of creditors" and (2) such relief would serve the administration of the case. Specifically, 11 U.S.C. § 105(a) provides that:

> No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte,* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Court, however, must be careful in exercising any power, on its own initiative, under 11 U.S.C. § 105(a), to extend the time limits and "automatic" operation of 11 U.S.C.

§ 521(i) so as to refrain from impermissible "judicial activism."

The Court can also foresee that the deadline could be extended, *even out of time,* if the tardiness in filing the information was due to Court error or due to some catastrophic event making it an impossibility to timely file the document. It would seem improper to "automatically" dismiss a case in such exigent circumstances.

**8.** 338 B.R. 505, 510 (Bankr.D.Utah 2006)(footnotes omitted).

**9.** The leading commentator on bankruptcy confirms that "[u]nder section 521(i)(1), a case is to be 'automatically dismissed' if the debtor does not file the information required by section 521(a)(1) within 45 days of petition." 4 *Collier on Bankruptcy* ¶ 521.24, at 521–83 (Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev.2005).

Court. After the expiration of the specified period set forth in 11 U.S.C. § 521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom.[10]

BAPCPA is a complex and extensive statute that is, at times, unforgiving to debtors and to their counsel. Snares and traps are present throughout BAPCPA for unwary debtors. By the design of Congress, the Court is not in a position to extricate counsel and debtors from these perils.

Here, this Court is presented with impecunious, but seemingly honest debtors, guided by responsible counsel, acting in good faith to attain the benefits of a Chapter 7 bankruptcy—and receive a fresh financial start. But, the language and intent of Congress is clear in 11 U.S.C. § 521(i): the Court has no discretion to remedy any mistake or error—large or small—by a debtor or debtor's counsel. This case must be dismissed.[11]

## IV. *Order*

IT IS THEREFORE ORDERED that Debtors' Motion to Vacate is DENIED.

---

**10.** As Judge Boulden further noted:

Rule 9006(b)(1) only allows parties to enlarge the time "when an act is required or allowed to be done at or within a specified period *by these rules* or by a notice given thereunder or by order of court." By its own terms, Rule 9006(b) does not allow courts to enlarge time periods expressly set forth in the Code. This is consistent with the case law establishing that when the Rules and the Code are in conflict, the Code controls. As further support for this conclusion, the Court notes that subsection (a) of Rule 9006 (which provides the procedure for computation of time periods) applies not only to the Rules but also to the Federal Rules of Civil Procedure, local rules, court orders, and any applicable statute. The exclusion of any reference to any applicable statute (including the Code) in Rule 9006(b) lends support to the conclusion that Rule 9006(b) cannot be used to enlarge statutory deadlines.

*Id.* at 514–15 (footnotes omitted).

**11.** This Court notes that, in addition to *Fawson*, at least one other decision has recently been published on this issue: *In re Williams*, 339 B.R. 794 (Bankr.M.D.Fla.2006) (the court has no discretion to extend filing deadline on motion to extend that was not filed until after the 45–day deadline had expired).