**In re Elizabeth LOVATO, Debtor.**

**No. 7–06–10152MA.**

United States Bankruptcy Court,
D. New Mexico.

May 8, 2006.

---

Elizabeth F. Lovato, Albuquerque, NM, pro se.

### *ORDER DISMISSING CASE FOR FAILURE TO SUBMIT PAYMENT ADVICES TO THE CHAPTER 7 TRUSTEE*

MARK B. McFEELEY, Bankruptcy Judge.

THIS MATTER is before the Court on the Chapter 7 Trustee's Motion to Dismiss for Debtor's failure to submit payment ad-

vices and tax returns.[1] The Court held a preliminary hearing on the Motion to Dismiss on May 1, 2006 and took the matter under advisement.

■ Pursuant to 11 U.S.C. § 521(a)(1)(B)(iv), the Debtor is required to file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." Pursuant to 11 U.S.C. § 521(i), if the Debtor fails to file the payment advices within 45 days of the date of the filing of the petition, "the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition" unless the debtor requests an extension of time within the 45 day period and the court finds justification for extending the time for filing the required documents, or the trustee files a motion within the 45 day period and the court finds that the debtor attempted in good faith to file the required information and that the interest of creditors would be best served by administration of the case. 11 U.S.C. § 521(i)(1), (3), and (4).

By an administrative order entered by the Court on October 4, 2005, debtors are directed *not* to file the payment advices with the Court, but to submit them to the Chapter 7 Trustee no later than 7 days before the date first set for the meeting of creditors.[2] The Debtor has not filed the payment advices or submitted the payment advices to the Chapter 7 Trustee, nor has the Debtor requested an extension of time within which to submit the required pay-

1. At the preliminary hearing on the Trustee's Motion to Dismiss, the Chapter 7 Trustee represented that he had received a copy of the Debtor's tax returns. The Court will, therefore, consider the Motion to Dismiss only with regard to the Debtor's failure to submit payment advices.

2. *See* Order Directing That Payment Advices Not be Filed with the Court but Instead be Provided to the Trustee and Upon Timely Request, to Creditors, Misc. Case No. 05–001, Court Administrative Matters, docket entry 66.

ment advices, nor has the Chapter 7 Trustee filed a motion requesting that the case not be dismissed.

■ After the expiration of the time limits set forth in 11 U.S.C. § 521(i)(1), the Court is left with no discretion to allow the Debtor additional time within which to comply with the requirement for submission of payment advices. *In re Ott,* 343 B.R. 264, 268, 2006 WL 1152339 *3 (Bankr. D.Colo.2006) ("After the expiration of the specified period set forth in 11 U.S.C. § 521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom."). *See also In re Williams,* 339 B.R. 794 (Bankr.M.D.Fla. 2006) (concluding that Court had no discretion to extend the time within which to file the documents required under 11 U.S.C. § 521(a) where debtor did not request extension within the initial 45 day period). Consequently, the Court must dismiss Debtor's bankruptcy proceeding. Had the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") left the Court with any discretion, the Court would deny the Chapter 7 Trustee's motion with leave to allow the Debtor to submit the required payment advices. Furthermore, the Court would require the Chapter 7 Trustee to request copies of the payment advices at the § 341 meeting of creditors. Instead, the Debtor's case must be dismissed because BAPCPA leaves the Court with no discretion to fashion any reasonable or equitable solution.

WHEREFORE, IT IS HEREBY ORDERED, that the Debtor's bankruptcy proceeding is DISMISSED.