**In the Matter of Mary L. DIENBERG, Debtor.**

**No. 06–10160.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

Aug. 30, 2006.

Allen C. Mattson, Hartford City, IN, Dennis M. Ostrowski, Louisville, KY, for Debtor.

## AMENDED DECISION

ROBERT E. GRANT, Bankruptcy Judge.

This matter is before the court with regard to the issues raised by a motion for an order confirming the termination of the automatic stay, filed on behalf of Daimler-Chrysler Financial Services. Such orders are a new feature of the Bankruptcy Code. The Bankruptcy Abuse and Consumer Protection Act of 2005 scattered a number of provisions throughout the Bankruptcy Code which state that the automatic stay is terminated, and property may also cease to be property of the bankruptcy estate, without any order of the court upon the occurrence (or non-occurrence) of certain events. *See e.g.,* 11 U.S.C. §§ 362(c)(3), (h)(1); 365(p)(1); 521(a)(6). *See also,* 11 U.S.C. § 521(i) (providing for the automatic dismissal of cases). There is also a new § 362(j) which provides that "[o]n request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminat-

ed." 11 U.S.C. § 362(j). *See also,* 11 U.S.C. § 362(c)(4)(A)(ii) (providing for the entry of "an order confirming that no stay is in effect"). The thesis behind these provisions would appear to be that the absence of the automatic stay is so obvious that the issue cannot be debated, so the court can easily issue the order sought, apparently on an ex parte basis. These orders are commonly referred to as comfort orders because they do nothing beyond confirming a state of affairs that already exists.[1]

The present motion is based upon both § 362(j) and § 362(h). DaimlerChrysler contends the stay has terminated through the operation of § 362(h) and that § 362(j) gives it the right to an order confirming that fact. Nowhere, however, does § 362(j) refer to § 362(h) or to a party's right to seek an order confirming that the stay has been terminated pursuant to that portion of the Bankruptcy Code. The only portion of the Bankruptcy Code to which § 362(j) refers is § 362(c): "On the request of a party in interest, the court shall issue an order *under subsection (c)* confirming that the automatic stay has been terminated." 11 U.S.C. § 362(j) (emphasis added). Because of the lack of any reference to § 362(h), the court, on its own initiative, scheduled DaimlerChrysler's motion for a hearing to consider whether § 362(j) applied where the alleged basis for termination of the stay is found in § 362(h), rather than in § 362(c). DaimlerChrysler submitted a brief directed to the issue and the motion was taken under

---

1. If the issue really is beyond debate and the court's order simply confirms the existing state of affairs, the court wonders whether there would be the requisite case or controversy necessary to give it subject matter jurisdiction over such a request. Alternatively, if the issue can be debated, issuing the order on an ex parte basis, without notice or hearing, would seem to present due process concerns. Although these may be intriguing issues, the present case does not give the court the opportunity to consider them in any greater depth.

advisement following the conclusion of the hearing.

Section 362(c) addresses the duration of the automatic stay. It states that, except as provided in subsections (d), (e), (f) and (h), the stay of an act against property continues until it is no longer property of the bankruptcy estate, 11 U.S.C. § 362(c)(1), and that the stay of any other act continues until the time the case is closed or dismissed or a discharge has been granted or denied. 11 U.S.C. § 362(c)(2). It also provides that, if the debtor is an individual and has had an earlier case dismissed during the year prior to the date of the petition, the stay lasts only thirty (30) days. 11 U.S.C. § 362(c)(3). In the event more than one prior case was dismissed during the previous year the stay is non-existent. 11 U.S.C. § 362(c)(4).

■ DaimlerChrysler contends that its motion is based upon § 362(c). Because § 362(h) provides that a creditor's collateral ceases to be property of the bankruptcy estate if the debtor fails to act with regard to the statement of intention within the time required, counsel argues that the request comes squarely within the provisions of § 362(c)(1)—termination of the stay as to property of the estate. This argument fails to appreciate that the automatic stay protects more than just property of the bankruptcy estate. It also protects the debtor, 11 U.S.C. § 362(a)(2), and property of the debtor. 11 U.S.C. § 362(a)(5). As a result, even though property may pass out of the bankruptcy estate, it continues to be protected by the automatic stay until the case is closed or dismissed or the debtor has been discharged. 11 U.S.C. § 362(c)(2). *In re Littke,* 105 B.R. 905, 909 (Bankr.N.D.Ind.1989); *In re Crusetur-ner,* 8 B.R. 581, 592 (Bankr.Utah 1981); *In re Motley,* 10 B.R. 141, 144–45 (Bankr. M.D.Ga.1981). This debtor has not yet

been discharged. Thus, even though DaimlerChrysler's collateral may no longer be property of the bankruptcy estate, subsection (c) of § 362 has not yet operated to completely terminate the automatic stay. Consequently, the court needs to consider whether § 362(j) authorizes the issuance of a comfort order any time the stay has been terminated or only if that termination has occurred by operation of the provisions of § 362(c).

■ Section 362(j) very plainly and very explicitly references subsection (c). It does not say that, on the request of a party in interest, the court shall issue an order confirming that the automatic stay has been terminated. If it did, it would be quite easy for the court to conclude that any time the Bankruptcy Code operated to end the automatic stay—whether through § 362(c), § 362(h), § 521(a)(6), or § 365(p)—the court was authorized to issue an order confirming what had already occurred. Instead of that broad and clear language, § 362(j) is more circumscribed. The order the court is authorized to issue is "an order under subsection (c)." Consequently, unless the court is to disregard that additional language, something which it should not do, *see, United States Dept. of Treasury v. Fabe,* 508 U.S. 491, 504, 113 S.Ct. 2202, 2209–10, 124 L.Ed.2d 449 (1993), in order to give proper effect to all the language of the statute, it appears that the issuance of a comfort order is only authorized where termination of the stay is grounded upon the operation of § 362(c) and not some other portion of the Bankruptcy Code. *Accord, In re Ermi,* 2006 WL 2457144 (Bankr.N.D.Ohio 2006); *In re Woods,* No. 06–40458 (Bankr.E.D.Mich. Apr. 27, 2006); *In re Sanders,* 16 CBN 410, No. 06–40096 (Bankr.E.D.Mich.2006). This is an entirely reasonable and appropriate way to read the statute and one which gives full effect to all of the words

which it contains, rendering none of them superfluous. *Hibbs v. Winn*, 542 U.S. 88, 101, 124 S.Ct. 2276, 159 L.Ed.2d 172 (2004)(quoting 2A N. Singer, Statutes and Statutory Construction § 46.06, pp. 181–86 (rev. 6th ed.2000)); *Fabe*, 508 U.S. at 504, 113 S.Ct. at 2210 fn. 6 (1993); *Jenkins v. Heintz*, 124 F.3d 824, 833 (7th Cir.1997)(quoting *Dept. of Revenue of Oregon v. ACF Industries, Inc.*, 510 U.S. 332, 340–41,114 S.Ct. 843, 127 L.Ed.2d 165 (1994)); *Matter of Merchants Grain by and Through Mahern*, 93 F.3d 1347, 1353–54 (7th Cir.1996)(citing cases).

The court's narrower reading of § 362(j) does not produce the absurd result that is necessary in order to disregard a statute's plain language. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). To begin with, it allows the provisions of § 362(c)(3)—which terminates the automatic stay thirty (30) days after the filing of the petition if the debtor had a pending case which was dismissed during the year prior to the petition—to mirror those of § 362(c)(4)—which eliminates the automatic stay if the debtor had two or more cases dismissed during the year prior to the petition. Section 362(c)(4) specifically directs the court, upon the request of a party in interest, to enter an order that no stay is in effect. 11 U.S.C. § 362(c)(4)(a)(ii). There is no similar direction concerning the temporary automatic stay of § 362(c)(3). Consequently, § 362(j) brings §§ 362(c)(3) and (c)(4) into harmony with one another where the rights of creditors are concerned. Why Congress chose to place that harmonizing provision in a separate subsection of the Bankruptcy Code, rather than within § 362(c)(3), is not readily apparent. It

may have been a conscious choice or it may have been a drafting error in a statute which is not known for its organizational or linguistic clarity. *See e.g., In re Paschal*, 337 B.R. 274, 277 (Bankr. E.D.N.C.2006); *In re Charles*, 332 B.R. 538, 541 (Bankr.S.D.Tex.2005).

The possibility of a drafting error is minimized because the court can readily identify a purpose served by § 362(j) which does not limit it only to § 362(c)(3). As the court noted earlier, the automatic stay protects not only property of the estate but also the debtor and the debtor's property. Even though property may pass out of the bankruptcy estate, both the debtor and the debtor's property continue to be protected by the automatic stay until the debtor has received a discharge. Yet, the entry of a discharge does not bring the bankruptcy case to an end. It may remain open while the trustee attempts to administer assets or prosecutes actions to generate a distribution for creditors. The court can well imagine circumstances where property had been abandoned and the debtor discharged, but where for some reason there might be a question concerning the continued existence of the automatic stay.[2] In such a situation, § 362(j) allows a creditor to obtain the entry of an order reflecting what the court's docket confirms has already taken place—the conjunction of abandonment of property and the debtor's discharge, with the result that the automatic stay has been terminated—and the court need only take judicial notice of its own records in order to satisfy itself that the creditor is entitled to the order it seeks. This same type of ability to take judicial notice of court records also applies to both § 362(c)(3) and § 362(c)(4). If the

---

**2.** For example, absent an objection, a trustee's notice of abandonment operates to abandon property without an order from the court. *See,* 11 U.S.C. § 551(a). The absence of an order of abandonment might lead one to doubt that abandonment had really occurred and, after discharge, question whether the stay had terminated of its own accord.

court is asked to confirm either the expiration or the non-existence of the automatic stay under those subsections, it can readily answer the question through a review either of its own or another bankruptcy court's records to determine whether the debtor had one or more pending cases during the prior year and whether an order either extending or imposing the automatic stay had been entered. *In re Murphy*, 346 B.R. 79 (Bankr.S.D.N.Y.2006) It is the ability to answer the question solely through judicial notice that seems to justify the expeditious and often ex parte procedure for issuing a comfort order confirming that the automatic stay has been terminated.

■ The court cannot answer the question of whether section § 362(h) has operated to terminate the automatic stay simply by taking judicial notice either of its own or another court's records. In general terms, § 362(h), working in conjunction with § 521(a), provides that the automatic stay terminates if the debtor fails to timely perform its stated intention with regard to personal property securing a creditor's claim.[3] That general rule, however, is subject to some important exceptions one of which is: "unless [the debtor's statement of intent] specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms." 11 U.S.C. § 362(h)(1)(B). While the court can certainly take judicial notice of what the debtor's statement of intent may say and whether a reaffirmation agreement has been filed, it cannot take judicial notice of why such an agreement may not have been filed. Furthermore, whether the creditor refused to agree to the reaffirmation is not the kind of indisputable fact that can be judicially noticed and is not something the court's records will reveal. Yet, that is exactly what has happened here. The debtor's statement of intent with regard to DaimlerChrysler and its collateral indicates that the debtor intends to reaffirm the obligation and continue making regular payments. Indeed, a reaffirmation agreement reflecting that desire has been prepared, signed and sent to DaimlerChrysler, and the debtor has continued making the payments otherwise required of her. Nonetheless, although DaimlerChrysler is apparently willing to allow the debtor to reaffirm the obligation, because the reaffirmation agreement has not been completed as it believes the agreement should have been,[4] it has refused to sign the agreement or file it with the court. Thus, the court is presented with a situation in which both the debtor and the creditor have the same

3. In cases under chapter 7, if the debtor has property which secures creditors' claims, it is required to file a statement indicating whether it intends to reaffirm the debts securing those claims, redeem the property from creditor's liens or surrender the property. 11 U.S.C. § 521(a)(2). Subject to some exceptions, if it fails to do so, or if it fails to perform the stated intent within the time required, the creditor's collateral ceases to be property of the bankruptcy estate and the automatic stay concerning such property is terminated. 11 U.S.C. § 362(h)(1). *See also,* 11 U.S.C. § 521(a)(6).

4. Prior to the recent bankruptcy reforms the reaffirmation process was a relatively simple and straightforward one. It has now become more complicated and is associated with numerous disclosures and technical requirements. The problem here is that the debtor has changed jobs several times since her case was filed; as a result, she was not able to accurately complete the information the reaffirmation agreement requires concerning her income, and because DaimlerChrysler is concerned about the consequences of an incomplete reaffirmation agreement, it is not willing to join in that agreement, even though it shares the debtor's ultimate goal.

desire but, because of the complexities associated with the process needed to accomplish that goal, their desire remains unfilled. The court finds that Daimler-Chrysler has refused to agree to the debtor's reaffirmation of her obligation to it upon the original contract terms. As a result, § 362(h) has not operated to terminate the automatic stay or to cause DaimlerChrysler's collateral to pass out of the bankruptcy estate.

Based upon the foregoing the court holds that the comfort orders authorized by § 362(j) are limited to situations where the automatic stay has terminated by reason of the operation of provisions of § 362(c) and are not authorized where the stay is alleged to have terminated by operation of § 362(h). Furthermore, § 362(h) has not operated to terminate the automatic stay as to the collateral securing debtor's obligation to DaimlerChrysler. That creditor's motion for an order confirming that the automatic stay has terminated will therefore be DENIED.[5]

---

**5.** The court notes that this case remains open because the trustee is administering assets. The debtor has not yet been discharged because she failed to file a certificate indicating that she has completed the post-petition financial management education which is now required. *See,* 11 U.S.C. § 727(a)(11). Consequently, it would seem that there is still time for the debtor and DaimlerChrysler to effect a mutually satisfactory reaffirmation of the debt before it is too late. *See,* 11 U.S.C. § 524(c)(1).