**In re Melanie Jayne GROSSI, Debtor.**

**No. 06–33371–KRH.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Feb. 22, 2007.

---

**14.** $412,500 less the initial deposit to Ultra Litho of $120,000.

Charles C. Cowsert, Fredericksburg, VA, for Debtor.

## AMENDED ORDER

KEVIN R. HUENNEKENS, Bankruptcy Judge.

Americredit Financial Services, Inc. ("AFS") has filed a motion in this case to confirm the termination of Automatic Stay pursuant to 11 U.S.C. § 362(j). Melanie Jayne Grossi (the "Debtor") filed her chapter 7 bankruptcy case on November 22, 2006 (the "Petition Date"). The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

AFS claims to have a security interest in a 1998 Honda Accord (the "Vehicle") pursuant to the terms of a Retail Installment Contract and Security Agreement (the "Security Agreement") between AFS and the Debtor. AFS alleges that the Debtor failed to indicate any intention at all with respect to the Vehicle in her Statement of Intention filed November 22, 2006 as required by 11 U.S.C. § 521(a)(2).[1] Because the Debtor failed to timely file a Statement of Intention that met the requirements of 11 U.S.C. § 521(a)(2), AFS contends that the provisions of 11 U.S.C. § 362(h)(1)(A)[2]

---

1. Section 521(a)(2) of the Bankruptcy code provides that "if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—
   (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
   (B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30–day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph;"

2. Section 362(h)(1)(A) provides that "[i]n a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—
   (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable"

terminate the stay as to the Vehicle and the Vehicle is no longer property of the estate.

AFS seeks the entry of a comfort order confirming that the stay terminated with respect to the Vehicle thirty days after the Petition Date. The motion of AFS is predicated upon 11 U.S.C. § 362(j). That section provides that "on request of a party in interest, the court shall issue an order under subsection (c) [of Section 362 of the Bankruptcy Code] confirming that the automatic stay has been terminated." *Id.* However, the reason AFS has advanced for termination of the stay in this case is not subsection c of Section 362 of the Bankruptcy Code. Rather, AFS relies on subsection h of Section 362 of the Bankruptcy Code as the basis for its argument that the stay has terminated. Subsection c of Section 362 eliminates specifically subsection h from its scope.[3] Entry of a comfort order under 11 U.S.C. § 362(j) is not appropriate when the stay allegedly has been terminated under 11 U.S.C. § 362(h). *In re Conley,* 358 B.R. 337 (Bankr.N.D.Ohio 2006). *See In re Dienberg,* 348 B.R. 482, 487 (Bankr.N.D.Ind. 2006) (holding that "the comfort orders authorized by § 362(j) are limited to situations where the automatic stay has terminated by reason of the operation of provisions of § 362(c) and are not authorized where the stay is alleged to have terminated by operation of § 362(h)"). Accordingly, for the foregoing reasons,

**IT IS ORDERED** that the motion of Americredit Financial Services, Inc. to confirm the termination of the automatic stay is **DENIED.**

---

**3.** Section 362(c) states that "[e]xcept as provided in subsections (d), (e), (f) and (h) of this section...."