FILED

APR 09 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. EC-12-1393-MkDJu |
| | ) | |
| JIMMIE STEPHEN C56483, | ) | Bk. No. 12-27800 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JIMMIE STEPHEN C56483, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| THOMAS E. MAY; U.S. TRUSTEE, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Submitted Without Oral Argument
on March 22, 2013

Filed – April 9, 2013

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Robert S. Bardwil, Bankruptcy Judge, Presiding

Appearances:    Appellant Jimmie Stephen C56483, pro se, on brief; no brief filed or other appearance made by either appellee.

Before:  MARKELL, DUNN and JURY, Bankruptcy Judges.

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

**INTRODUCTION**[**]

Appellant Jimmie Stephen C56483[1] ("Stephen") appeals the dismissal of his case under Section 521(i)(1)[2] for failure to file the information required by Section 521(a)(1). We AFFIRM.

**FACTS**

Stephen filed a chapter 7 bankruptcy petition on April 23, 2012.[3] With his petition, Stephen ostensibly filed a Schedule B identifying his personal property. The Schedule B was incomplete, however, because it only contained entries 1 through 11, leaving the remaining entries from 12 to 35 missing.[4]

---

[**]We have exercised our discretion to independently review several electronically filed documents in Stephen's underlying bankruptcy case in order to develop a fuller understanding of the record. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[1]C56483 appears to refer to Stephen's identification number from the California Department of Corrections. He is, and was at the time of his bankruptcy filing, incarcerated.

[2]Unless specified otherwise, all chapter and Section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

[3]This case followed dismissal of Stephen's previous chapter 7 bankruptcy on November 19, 2010, also for failure to timely file required documents. He appealed that prior dismissal to our Panel, and we affirmed. We take judicial notice of the records in Stephen's prior bankruptcy and appeal. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[4]The Official Form Schedule B is three pages long, and requests information about 35 categories of personal property. Stephen filed only the first page of Schedule B, which identifies the first 11 categories. The remaining two pages, which refer to
(continued...)

2

On his Master Address List of creditors, Stephen identified four entities as follows:

1. "I.R.S."-# 55-1001-0093..p.o. box 21126..PHILADELPHIA,PA..19114

2. "U.S.D.COURT""EASTERN"..501 "I" ST # 4-200 SACRAMENTO CALIF..95814..

(ANY AND ALL CREDITORS AND NEW LOANS,SANCTIONS ECT [sic])

   A.   CV-09-1516-MCE

   B.   CV-10-1678-KJM

   C.   CV-10-3469-KJM

   D.   CV-12-0630-GGH

3. "U.S.D.COURT""NORTHERN"..235 PINE ST 19TH FL. SAN FRANCISCO CALIF.94104

   A.   CV-10-0349-SI

   B.   CV-10-0496-SI

4. "U.S.D.COURT""SOUTHERN"..800 FRONT ST SAN DIEGO CALIF..92101

   A.   CV-06-1054-LAB

   B.   CV-06-0171-L

Apparently, the notations beginning with "CV" represent civil cases that Stephen was or is a party to.

Stephen's Schedule E, relating to his priority unsecured creditors, listed the same four entities and corresponding addresses from the Master Address List.

On Stephen's list of nonpriority unsecured creditors,

---

[4](...continued)
the remaining 24 categories of personal property, were omitted.

Schedule F, the sole entry for a creditor's name and mailing address states "ALL CREDITORS."

Stephen filed a Motion/Application for Waiver of the Chapter 7 Filing Fee or Other Fee ("IFP Motion") on April 23, 2012. On June 20, 2012, he filed what he styled an "opposition" to the hearing set on the IFP Motion, requesting to either appear telephonically, or have counsel appointed to appear for him. The bankruptcy court denied the IFP Motion on July 2, 2012.

On May 21, 2012, Stephen filed a Motion/Application to Waive Presence at 341 Meeting of Creditors Based on Exceptional Circumstances ("341 Waiver Motion"). The United States Trustee opposed the 341 Waiver Motion, but agreed to allow Stephen to appear telephonically from prison for his meeting of creditors. In correspondence attached to the opposition, Stephen was notified that he was responsible for making arrangements for his appearance with Trustee Thomas E. May ("May") and the prison through certain described procedures.

On June 8, 2012, May filed a Motion to Dismiss for Failure to Appear at Section 341 Meeting of Creditors and Motion to Extend the Deadlines for Filing Objections to Discharge and Motions to Dismiss ("Motion to Dismiss"). Stephen opposed the Motion to Dismiss on June 28, 2012, alleging that May engaged in misconduct by refusing to ask for Stephen when he called the prison during the meeting of creditors.

On June 11, 2012, Stephen filed a Motion for Appointment of Counsel for Federal Civil Rights Proceeding ("Motion for Counsel"). He brought the Motion for Counsel based on 28 U.S.C. § 1915, arguing that an attorney should be appointed for him to

4

protect his due process rights during the bankruptcy. The bankruptcy court denied the Motion for Counsel on June 19, 2012.

On July 11, 2012, the bankruptcy court denied the Motion to Dismiss as moot because it found Stephen's bankruptcy case had already been automatically dismissed pursuant to Section 521(i).[5] The court noted two reasons for the dismissal. First, Stephen had omitted the information in entries 12 through 35 in his Schedule B. Therefore, he did not file all of the information required by Section 521(a)(1) within 45 days of his petition date. Second, he failed to properly identify his creditors and their addresses in his Schedules E or F, or in his Master Address List. Accordingly, Stephen again did not comply with the requirements of Section 521(a)(1) because there was no filed list of creditors or schedule of liabilities.[6]

The bankruptcy court's order, entered on July 13, 2012, states that the Motion to Dismiss was denied as moot, and confirmed that Stephen's bankruptcy had been automatically dismissed on June 8, 2012, the 46th day after he filed for bankruptcy.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

---

[5]The bankruptcy court resolved the Motion to Dismiss without oral argument.

[6]This dismissal should not have come as a surprise. Stephen's prior chapter 7 bankruptcy was dismissed because he failed to file a list of creditors, among other documents.

5

Did the bankruptcy court commit reversible error when it dismissed Stephen's bankruptcy case pursuant to Section 521(i)(1) for failure to file the information required under Section 521(a)(1)?

**STANDARDS OF REVIEW**

We review the bankruptcy court's order dismissing Stephen's case based on Section 521(i) de novo. <u>Wirum v. Warren (In re Warren)</u>, 568 F.3d 1113, 1116 (9th Cir. 2009).

**DISCUSSION**

**I.    The Bankruptcy Court Did Not Commit Reversible Error in Dismissing Stephen's Case**

**A.    Section 521(a)(1) and (i)(1)**

Pursuant to Section 521(a)(1), a debtor must file a list of creditors, and, unless otherwise ordered, a schedule of assets and liabilities.[7]  Section 521(a)(1)(A) and (B)(i).  "[I]f an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition." Section 521(i)(1).

Relief from automatic dismissal under Section 521(i)(1) can only be obtained if: (1) the court grants a debtor's request for an extension; (2) the court grants a trustee's motion requesting an exception based on the debtor's good faith and the best

---

[7]Section 521(a)(1)(B) requires a debtor to file several documents in addition to a schedule of assets and liabilities, however, those documents are not relevant to review of the bankruptcy court's dismissal order in this case.

interest of creditors; or (3) the court uses its discretion to waive the filing requirements because it determines the information is unnecessary or because dismissal will reward abuse by the debtor. Section 521(i)(3), (4); <u>Warren</u>, 568 F.3d 1113, 1118-19.

Here, the provisions of Section 521(a)(1) and (i)(1) applied to Stephen's case because he was an individual debtor in a voluntary chapter 7 case.

He has made no convincing showing, however, that he was entitled to relief from automatic dismissal based on any exception. As to the first basis for relief from automatic dismissal, Stephen never sought an extension of time to file the information required under Section 521(a)(1). As to the second grounds for relief, May did not file a motion requesting a good faith exception. As to the third basis for relief, the bankruptcy court did not exercise its discretion to waive the filing requirements.[8] Therefore, Stephen's failure to file a list of creditors, schedule of assets and schedule of liabilities within 45 days of his petition, as explained below, properly resulted in the automatic dismissal of his case.

Stephen's purported Schedule B, which should have identified all of his personal property assets, omitted entries 12 through 35. This left the filing so facially deficient as to not substantially comply with Section 521(a)(1)(B)(i)'s requirement

---

[8]Stephen did not point to any basis for waiver of Section 521(a)(1)'s filing requirements.

7

of a schedule of assets.[9]  Accordingly, Stephen's failure to file a Schedule B, or to correct the one he did file, within 45 days of his bankruptcy filing warranted automatic dismissal under Section 521(i)(1).

Similarly, Stephen's purported Master Address List, and Schedules E and F, did not properly identify the names and addresses of his creditors, other than the IRS.[10]  Instead, those documents refer to litigation pending in particular courts.  The courts themselves, however, are not creditors, as they are not the parties who have claims against Stephen.[11]  Apparently, the opposing parties in the referenced cases are entities that have prepetition claims against Stephen, but his filings leave no clue as to any of their names or addresses.  In addition, Stephen's generic reference to "ALL CREDITORS" in his Schedule F and Master Address List did not properly describe those who have claims against him or his property.  Again, this is an example of a failure to substantially comply with Section 521(a)(1).

Stephen "ha[d] a duty to prepare [his] schedules carefully, completely, and accurately[,]" but instead he left the bankruptcy court without the necessary information to notify his creditors of his bankruptcy.  Cusano v. Klein, 264 F.3d 936, 946 (9th Cir.

---

[9]Debtors must prepare their schedules of assets and liabilities in compliance with the Official Forms. Rule 1007(b)(1)(A).

[10]Stephen did not properly list the IRS' address. Bankr. E.D. Cal. R. 2002-1(b).

[11]A creditor is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor."  Section 101(10)(A).

8

2001) (citations and quotations omitted). His failure to file a proper list of creditors and schedule of assets and liabilities within 45 days of his petition date merited dismissal of his case.

Stephen argues that his Master Address List had all of his creditors and that any errors in his petition were corrected or correctable. Therefore, he argues it was a violation of his due process rights to automatically dismiss his case. His argument is not persuasive.

Contrary to Stephen's position that his Master Address List was proper, as discussed above, his method of describing his creditors was inadequate. In addition, although the errors in his Master Address List, and Schedules B, E and F could have been corrected, they never were.

Stephen has not pointed to any authority supporting the proposition that a notice of filing deficiencies or any other notice must be sent to a debtor prior to automatic dismissal under Section 521(i)(1), nor is this Panel aware of any such requirement. Indeed, the contrast between Section 521(i)(1)'s language, with its automatic effect of dismissal, and the language of Section 707(a), which requires notice and a hearing prior to dismissal, belies the notion that Congress believed that a debtor must independently receive some prior notice of filing deficiencies under Section 521(i). Compare 11 U.S.C. 521(a)(1) ("notwithstanding section 707(a)," failure to file the required Section 521(a)(1) information will result in automatic dismissal) with Section 707(a)("[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause

9

. . . .").

Moreover, when read together, the provisions of Section 521(a)(1) and (i)(1) identify the information that debtors are required to file as well as the consequences for not timely doing so.  The Panel finds this to be sufficient notice for due process purposes.  Stephen's due process argument is thus without merit.[12]  In re Parker, 351 B.R. 790, 801 (Bankr. N.D. Ga. 2006)(automatic dismissal under Section 521(i)(1) "would not require notice and a hearing.  Rather, it is a determination that the court can make with no notice to any party in interest and no hearing of any nature.").[13]

---

[12]The docket report for Stephen's underlying bankruptcy case has a notation at BK Dkt. No. 1 that states, "[a]ll Schedules and Statements filed."  Stephen, however, did not indicate in his opening brief or any other filings that he relied on that notation for any purpose, or that he was even aware it existed. The Panel declines to find that the notation has any bearing on this appeal.

[13]Some courts have suggested that automatic dismissal under Section 521(i)(1) without notice to the debtor and trustee, or an opportunity for a hearing, gives rise to "due process concerns." In re Dienberg, 348 B.R. 482, 483 n.1 (Bankr. N.D. Ind. 2006); In re Spencer, 388 B.R. 418, 425 n.7 (Bankr. D.C. 2008). Similarly, a recent article discusses alleged due process violations caused by automatic dismissal. Gregory Germain, A Constitutional Challenge to the Automatic-Dismissal Rules, 32 Am. Bankr. Inst. J. 22 (March 2013).

These authorities do not raise any issues on the facts of this case.  To the extent a few courts have raised due process concerns in dicta without analysis, they are not persuasive. Moreover, the arguments made in Professor Germain's article do not influence this Panel's conclusion that any violation of Stephen's due process rights (of which we think there were none) would lead to reversal.  That result would only follow if Stephen could identify some prejudice that he suffered as a result of the
(continued...)

10

Based on the foregoing, the bankruptcy court properly dismissed Stephen's case.

## B.     Stephen's Remaining Arguments

The other issues Stephen raised in his appeal relate to the bankruptcy court's denial of the IFP Motion and Motion for Counsel, and May's alleged misconduct during the meeting of creditors.  None of those arguments change the outcome of this appeal.

There are two reasons to dismiss Stephen's IFP Motion challenge.  First, the denial of the IFP Motion was irrelevant to the disposition of Stephen's bankruptcy case because the court dismissed his case for failure to timely file the required information, not for failure to pay filing fees.  Second, the order denying the IFP Motion indicates that the motion was denied for the reasons stated on the record.  We do not have a transcript of that hearing and thus we ordered Stephen to provide the necessary transcripts for review by January 23, 2013.  No transcripts were ever filed.  Therefore, the Panel assumes that Stephen did not believe there is anything in the transcripts that would help his position on appeal, and summary affirmance of the bankruptcy court's denial of the IFP Motion is appropriate. Gionis v. Wayne (In re Gionis), 170 B.R. 675, 680-81 (9th Cir. BAP 1994); see Explanatory Note to 9th Cir. BAP R. 8006-1;

---

[13](...continued)
dismissal.  Van Zandt v. Mbunda (In re Mbunda), 484 B.R. 344, 359 (B.A.P. 9th Cir. 2012) ("An appellant, however, must show prejudice to support a due process claim.") (citing Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 776 (9th Cir. 2008)). And Stephen has neither identified nor argued for the existence of any prejudice flowing from the dismissal of his case.

11

*Ehrenberg v. Cal. State Univ., Fullerton Found. (In re Beachport Entm't)*, 396 F.3d 1083, 1087 (9th Cir. 2005); *Morrissey v. Stuteville (In re Morrissey)*, 349 F.3d 1187, 1190-91 (9th Cir. 2003).[14]

Regarding the bankruptcy court's denial of the Motion for Counsel, "a civil litigant, including an incarcerated prisoner, is presumed to have no constitutional entitlement to court-ordered counsel unless his case carries the risk of affecting his physical liberty." *Hernandez v. Whiting*, 881 F.2d 768, 770-71 (9th Cir 1989) (citing *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25-27 (1985)); *see Davis v. Central Bank (In re Davis)*, 23 B.R. 773, 776 (9th Cir. BAP 1982). Stephen's physical liberty was not implicated in any way by his bankruptcy case. Stephen's argument as to mandatory appointment of counsel is without merit.

Stephen's sole remaining argument addresses May's alleged misconduct during the meeting of creditors. Even assuming Stephen's allegation is true, his lack of appearance at the meeting of creditors had no bearing on the dismissal of his case. The bankruptcy court denied the Motion to Dismiss based on Stephen's failure to appear at the meeting as moot, thus, never reaching the substantive issue. Accordingly, May's alleged interference with Stephen's appearance is irrelevant to the issues related to this appeal.

---

[14]This Panel warned Stephen that failure to provide the required transcripts could cause his appeal to be dismissed or result in summary affirmance of the bankruptcy court's decision in its Order re Transcript.

**CONCLUSION**

For all of the reasons set forth above, we AFFIRM the bankruptcy court's order dismissing Stephen's case.