**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

In the Matter of: STEWART JAY
WARREN,

                            *Debtor,*

_____

ANDREA A. WIRUM,

                            *Appellant,*

            v.

STEWART JAY WARREN,

                            *Appellee.*

No. 07-17226

D.C. No.
CV-07-03244-CRB

OPINION

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted
April 16, 2009—San Francisco, California

Filed June 18, 2009

Before: Thomas G. Nelson, Andrew J. Kleinfeld and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge T. G. Nelson

**COUNSEL**

John H. MacConaghy, MacConaghy & Barnier, Sonoma, California, for the appellant.

David Chandler, Santa Rosa, California, for the appellee.

## **OPINION**

T.G. NELSON, Circuit Judge:

This appeal requires us to interpret the interplay between two subsections of the Bankruptcy Code, 11 U.S.C. § 521(a)(1) and (i)(1). Under § 521(a)(1), a debtor is required to file a list of creditors and, "unless the court orders otherwise," certain financial information. 11 U.S.C. § 521(a)(1). Under § 521(i)(1), if the debtor fails to file the financial information required by § 521(a)(1) within forty-five days of filing the bankruptcy petition, the case "shall be automatically dismissed effective on the" forty-sixth day. 11 U.S.C. § 521(i)(1). The issue before us is whether the bankruptcy court has discretion to "order[ ] otherwise" and thereby waive the § 521(a)(1) filing requirement by entering an order *after* the forty-five day filing deadline in § 521(i)(1) has passed.

The bankruptcy court found it did have such discretion and therefore entered an order waiving the § 521(a)(1) filing requirement after the forty-five day filing deadline had passed. The district court reversed, finding dismissal of the case was mandatory under § 521(i)(1).

We have jurisdiction over this appeal under 28 U.S.C. §§ 158(d) and 1291. We hold that the bankruptcy court acted within its discretion in entering the order waiving the § 521(a)(1) filing requirement even though the forty-five day filing deadline set forth in § 521(i)(1) had passed. We therefore reverse and remand to the district court with instructions to remand the case to the bankruptcy court for further proceedings.

### FACTS AND PROCEDURAL HISTORY

In September 2006, the State of California issued to a California bank an "Order to Withhold," ordering the bank to

freeze Stewart Jay Warren's accounts with the bank and to turn over $93,330.46, which represented the amount Warren owed in overdue child support payments. On October 11, 2006, in an apparent attempt to avoid his child support obligations, Warren filed a Chapter 7 bankruptcy petition. Warren's petition included a list of creditors, but did not include the other financial information required by 11 U.S.C. § 521(a)(1).

On October 12, 2006, the bankruptcy court issued an order notifying Warren that if he did not submit the financial information required by § 521(a)(1) within fifteen days, the court may dismiss his case. Warren did not file the required financial information or otherwise respond to the bankruptcy court's order. The bankruptcy court then issued an order setting a hearing for November 17, 2006, to address whether the court should fine or otherwise sanction Warren and/or his counsel, or dismiss Warren's case for failure to timely file the required financial information.

On November 15, 2006, two days before the hearing was scheduled, trustee Andrea A. Wirum filed a response to the bankruptcy court's order regarding sanctions. The trustee requested that the court not dismiss the case because the trustee needed time to investigate the circumstances surrounding Warren's filing of his petition and his financial situation to determine whether assets were available in the estate that could be administered for the benefit of creditors. Warren did not appear at the November 17, 2006, hearing. The bankruptcy court granted the trustee's request and declined to dismiss the case at that time.

On March 6, 2007, almost five months after he filed his bankruptcy petition, Warren moved to dismiss his case, arguing that because he failed to obtain pre-petition credit counseling or apply for a statutory waiver of the counseling requirement, he failed to qualify as a "debtor" under 11 U.S.C. § 109(h). Before the bankruptcy court ruled on this motion, Warren again moved to dismiss his case, this time

arguing that because he failed to file the financial information required by 11 U.S.C. § 521(a)(1) within forty-five days of filing his petition, dismissal of his case was mandated by 11 U.S.C. § 521(i).

On April 9, 2007, the bankruptcy court issued a memorandum explaining that it would be denying both of Warren's motions to dismiss. The bankruptcy court, relying on *In re Withers*, No. 06-42098 TM, 2007 WL 628078 (Bankr. N.D. Cal. Feb. 26, 2007), held:

> [D]ismissal is not mandated where the debtor is seeking to take advantage of either § 109(h) or § 521(i) to the prejudice of his creditors. Judicial estoppel bars a debtor from seeking dismissal under § 109(h), and § 521(i) does not require dismissal if the requirements to file schedules and statement of affairs have been waived.

On April 13, 2007, the bankruptcy court issued an order waiving the requirement that Warren file all the financial information required by § 521(a)(1).[1] And on April 20, 2007,

---

[1]The order issued by the bankruptcy court was designated nunc pro tunc to November 15, 2006. "*Nunc pro tunc* signifies now for then, or in other words, a thing is done now, which shall have [the] same legal force and effect as if done at [the] time when it ought to have been done." *United States v. Allen*, 153 F.3d 1037, 1044 (9th Cir. 1998). This "inherent power of the court to make its records speak the truth," *id.*, "is a limited one, and may be used only where necessary to correct a clear mistake and prevent injustice." *United States v. Sumner*, 226 F.3d 1005, 1009-10 (9th Cir. 2000). The power does not, however, allow the court "to alter the substance of that which actually transpired or to backdate events to serve some other purpose. Rather, its use is limited to making the record reflect what the . . . court actually intended to do at an earlier date, but which it did not sufficiently express or did not accomplish due to some error or inadvertence." *Id.* at 1010 (citations omitted). Here, there is no indication the bankruptcy court actually decided to waive the § 521(a)(1) filing requirement until just prior to issuing its order denying Warren's motions to dismiss, and that it designated its order as *nunc pro tunc* in an attempt to backdate the order to fall within the § 521(i)(1) forty-five day filing deadline and to thereby "alter the substance of that which actually transpired." *Sumner*, 226 F.3d at 1010. This use of *nunc pro tunc* is inappropriate. *See id.*

the bankruptcy court issued an order denying Warren's motions to dismiss.

Warren appealed the bankruptcy court's refusal to dismiss his case, and the district court reversed and remanded to the bankruptcy court with instructions to dismiss. The district court determined that the bankruptcy court did not have discretion to waive the § 521(a)(1) filing requirement after the forty-five day filing deadline set forth in § 521(i)(1) passed, and that dismissal of the case was mandatory.

## STANDARD OF REVIEW

We review the district court's decision on appeal from a bankruptcy court de novo. *Metcalf v. Golden (In re Adbox, Inc.)*, 488 F.3d 836, 839 (9th Cir. 2007). We review the bankruptcy court's denial of a motion to dismiss de novo. *See id.* at 840. We may affirm the bankruptcy court's decision on any ground fairly supported by the record. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999).

## ANALYSIS

**[1]** The provision of the Bankruptcy Code at issue in this case, 11 U.S.C. § 521, was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23 (2005), to expand a debtor's duties of financial disclosure. Under § 521(a)(1), a debtor is now required to file a list of creditors, and, "unless the court orders otherwise," various other detailed financial information.[2] *See* 11 U.S.C. § 521(a)(1). If

---

[2]Section 521(a)(1) provides:

  (a) The debtor shall—

    (1) file—

      (A) a list of creditors; and

a debtor fails to file the required financial information within forty-five days after filing his petition, his case will be "automatically dismissed effective on the 46th day after the date of the filing of the petition."[3] 11 U.S.C. § 521(i)(1).

[2] The issue before us is whether the bankruptcy court has discretion, *after* the passing of the forty-five day filing deadline set forth in § 521(i)(1), to "order[ ] otherwise" and thereby waive the § 521(a)(1) filing requirement. This is an issue of first impression in this circuit. The only circuit court to address this issue is the First Circuit. *See Segarra-Miranda v. Acosta-Rivera (In re Acosta-Rivera)*, 557 F.3d 8, 9 (1st Cir. 2009) (holding that bankruptcy court retains discretion to waive the § 521(a)(1) filing requirement even after the § 521(i)(1) filing deadline has passed).

---

(B) unless the court orders otherwise—

(i) a schedule of assets and liabilities;

(ii) a schedule of current income and current expenditures;

(iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate . . . .;

(iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;

(v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and

(vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition . . . .

11 U.S.C. § 521(a)(1) (2006).

[3]Although § 521(i) includes some exceptions to this forty-five day filing deadline, none of those exceptions apply to this case. *See* 11 U.S.C. § 521(i)(1), (3), (4).

We believe the approach taken by the First Circuit is consistent with the language of § 521 and congressional intent in enacting BAPCPA. We therefore hold, consistently with the First Circuit, that a bankruptcy court retains discretion to waive the § 521(a)(1) filing requirement even after the forty-five day filing deadline set forth in § 521(i)(1) has passed. *See In re Acosta-Rivera*, 557 F.3d at 9, 13-14; *see also In re Parker*, 351 B.R. 790, 801-02 (Bankr. N.D. Ga. 2006).

**[3]** We begin our analysis by examining the statutory language of § 521 to determine the interplay between subsections (a)(1) and (i)(1). *See Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739 (1989) ("The starting point for our interpretation of a statute is always its language."). Subsection (a)(1), which grants courts the power to "order[ ] otherwise," does not include a deadline within which the court must enter such an order. *See* 11 U.S.C. § 521(a)(1)(B). Nor does any other subsection of § 521 state that there is a time limit within which a court may "order[ ] otherwise." *See* 11 U.S.C. § 521. Subsection (i)(1) does set forth a forty-five day deadline within which the § 521(a)(1) filing requirement must be met, but this deadline is directed toward debtors, not the court. *See* 11 U.S.C. § 521(i)(1). Further, subsection (i)(1) does not refer to the court's power to "order[ ] otherwise" to waive the § 521(a)(1) filing requirement. *See* 11 U.S.C. §§ 521(a)(1)(B), (i)(1). We find the language of § 521 to be ambiguous on whether subsection (i)(1)'s forty-five day filing deadline limits the power of a court to "order[ ] otherwise" and waive the § 521(a)(1) filing requirement. *See* 11 U.S.C. §§ 521(a)(1)(B), (i)(1).

Given the ambiguity in the statutory language, we must "evaluate the alternative readings in light of the purpose of the statute." *Burns v. Stone Forest Indus., Inc.*, 147 F.3d 1182, 1184 (9th Cir. 1998); *see also Creative Computing v. Getloaded.com LLC*, 386 F.3d 930, 935 (9th Cir. 2004). This requires examination of a statute's words, so that we may "see whether one construction makes more sense than the other as

a means of attributing a rational purpose to Congress." *Longview Fibre Co. v. Rasmussen*, 980 F.2d 1307, 1311 (9th Cir. 1992)

**[4]** Section 521's grant of judicial power to "order[ ] otherwise" predates BAPCPA. *See* 11 U.S.C. § 521(1) (2004).[4] Thus, when Congress overhauled § 521 to expand the financial information debtors are required to file with their bankruptcy petition, it left intact this "order[ ] otherwise" provision granting judicial power to waive some or all of the financial filing requirements. "We do not regard that as a mere fortuity. Nor do we think that a slip of the pen accounts for the fact that the provision does not now contain an explicit deadline for ordering otherwise. In this context, we have a high regard for congressional silence," *In re Acosta-Rivera*, 557 F.3d at 12, and we decline to import by implication into the "order[ ] otherwise" provision a limitation that such order must be entered before the passing of the forty-five day filing deadline set forth in § 521(i)(1).

**[5]** Declining to interpret § 521(i)(1)'s forty-five day filing deadline as a limitation on a court's authority to "order[ ] otherwise" also furthers and is consistent with Congress's purpose in enacting BAPCPA. Congress's core purpose in enacting BAPCPA was to prevent abusive bankruptcy filings. *See* H.R. Rep. No. 109-31(I) (2005), reprinted in 2005 U.S.C.C.A.N. 88, 2005 WL 832198, at *2, *5; *see also In re Acosta-Rivera*, 557 F.3d at 12-13 ("The amendments to section 521 are part of an abuse-prevention package."); *cf. Portland 76 Auto/Truck Plaza, Inc. v. Union Oil Co. of Cal.*, 153 F.3d 938, 944 (9th Cir. 1998) ("The statute and not the legislative history tells us what solution Congress adopted for the problem, but the legislative history is useful to determine

---

[4]Prior to BAPCPA, § 521 provided: "The debtor shall—(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs . . . ." 11 U.S.C. § 521(1) (2004).

what the problem was."). Allowing bankruptcy courts discretion to waive the § 521(a)(1) filing requirement even after the filing deadline has passed will discourage bankruptcy abuse because a court may decline to dismiss the debtor's case if it determines the debtor is abusing and manipulating the bankruptcy system. In contrast, limiting the bankruptcy court's authority to waive the § 521(a)(1) filing requirement to the forty-five day period after the filing of the petition will encourage bankruptcy abuse because an abusive and manipulative debtor could guarantee his case would be dismissed simply by declining to comply with the § 521(a)(1) filing requirement. "With Congress's core purpose in mind, we are reluctant to read into the statute by implication a new limit on judicial discretion that would encourage rather than discourage bankruptcy abuse. It is safe to say that Congress, in enacting BAPCPA, was not bent on placing additional weapons in the hands of abusive debtors." *In re Acosta-Rivera*, 557 F.3d at 13.

**[6]** Interpreting § 521 to grant authority to "order[ ] otherwise" even after § 521(i)(1)'s forty-five day filing deadline has passed not only furthers congressional intent, but also preserves "the authentic value of automatic dismissal." *Id.* at 13. When a party moves for an order dismissing an incomplete petition, the court can do one of three things: (1) dismiss the case, (2) decline to dismiss the case if an exception applies, or (3) determine, in its discretion, that the missing information is not required or that denial of dismissal is necessary to prevent a debtor from abusing and manipulating the bankruptcy system. *Id.* This approach "recognizes that missing information may or may not be required, in a practical sense, depending upon what is deemed material by the court many months (or even years) after the bankruptcy petition has been filed." *Id.* at 14. "This would seem to be a likely reason for Congress to have entrusted the bankruptcy court with discretion to modify disclosure requirements on the fly." *Id.* And "[c]ommon sense suggests that Congress never intended to strip the bankruptcy court of the flexibility needed to respond intelligently

to" a debtor who is attempting to manipulate the system simply because the forty-five day filing deadline has passed. *Id.* at 14. Thus, where a bankruptcy court reasonably determines that there is no continuing need for the information or waiver of the filing requirement is necessary "to prevent automatic dismissal from furthering a debtor's abusive conduct, the court has discretion to take such an action." *Id.*

We recognize that our interpretation of § 521 is in conflict with the majority of the bankruptcy and district courts to address this issue. *See, e.g., In re Bonner*, 374 B.R. 62, 64-65 (Bankr. W.D.N.Y. 2007) (holding dismissal under § 521(i) is automatic and that an order waiving the § 521(a)(1) filing requirement must be filed before the expiration of the period set out in § 521(i)); *In re Calhoun*, 359 B.R. 738, 740-41 (Bankr. E.D. Mo. 2007); *In re Lovato*, 343 B.R. 268, 270 (Bankr. D.N.M. 2006); *In re Ott*, 343 B.R. 264, 268 (Bankr. D. Colo. 2006); *In re Fawson*, 338 B.R. 505, 514 (Bankr. D. Utah 2006). Those courts have taken the view that § 521(i)(1)'s forty-five day deadline for filing the § 521(a)(1) financial information "applies to courts and debtors alike." *In re Acosta-Rivera*, 557 F.3d at 12. This view "reads into the filing deadline a restriction on bankruptcy courts' authority gleaned by implication from the 'automatic dismissal' provision." *Id.* Admittedly, this reading of § 521 does have some appeal in that it would "all but guarantee" dismissal at a party's request once the forty-five day filing deadline has passed and thereby arguably would address Congress's concern with "the recent escalation of consumer bankruptcy filings." *Id.* at 13. However, such a reading also would allow abusive and manipulative debtors to gain automatic dismissal and thereby encourage bankruptcy abuse. We decline to read § 521 in this manner.

**[7]** We hold that the bankruptcy court acted within its discretion in issuing its order waiving the § 521(a)(1) filing requirement even though the § 521(i)(1) forty-five day filing deadline had passed. We therefore reverse and remand with

instructions to the district court to remand the case to the bankruptcy court for further proceedings.

**REVERSED AND REMANDED**.