

FILED

NOV 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: ALL AMERICAN BOTTLED WATER CORPORATION, <br><br> Debtor, <br><br> ——————————— <br><br> MICHAEL D. HITT, in his capacity as the trustee for the bankruptcy estate of All American Bottled Water Corporation, <br><br> Appellant, <br><br> v. <br><br> BARNEY NG; RE LOANS LLC; BAR K INC; PENSCO TRUST CO, <br><br> Appellees. | No. 09-36050 <br><br> D.C. No. 3:09-cv-05171-BHS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted November 1, 2010
Seattle, Washington

Before: B. FLETCHER, FERNANDEZ and BYBEE, Circuit Judges.

———————

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The trustee appeals from the district court's order affirming the bankruptcy court's dismissal of a motion to avoid certain transfers made by the debtor to defendants Bar K and Ng, on the grounds that the transfers allegedly ran afoul of state fraudulent transfer laws and federal bankruptcy law. *See* Wash. Rev. Code §§ 19.40.041, 19.40.051; 11 U.S.C. § 544(b). We affirm.

We review de novo a district court's decision on appeal from a bankruptcy court. *Green v. Savage (In re Greene)*, 583 F.3d 614, 618 (9th Cir. 2009). We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *Id.* We may affirm the bankruptcy court's decision on any ground fairly supported by the record. *Wirum v. Warren (In re Warren)*, 568 F.3d 1113, 1116 (9th Cir. 2009).

The bankruptcy court noted that the challenged transfer — the payment of points to Bar K and Ng — was part of an overall plan to provide the debtor with short-term funding needed to complete a purchase and begin the development of a water bottling plant. It found that all steps of the plan, including the payments to the defendants, involved transactions that were "integral to consummating [the] business plan." The points payments in particular constituted standard fees for loan servicing. We agree with this assessment. Accordingly, we hold that the transfers to Bar K and Ng were part of a single loan transaction.

Furthermore, regardless of whether the transfers to Bar K and Ng are viewed separately or as part of a single transaction, the debtor received reasonably equivalent value for the transfers. The district court and bankruptcy court both found that the debtor would not have received $25 million in short-term funds if it had not paid these points to the defendants. Furthermore, neither party suggests that an exchange for $32 million in debt for $25 million in immediate assets does not constitute a transfer for reasonably equivalent value, and neither party suggests that the transaction was conducted at less than arms-length or was otherwise unfair.

**AFFIRMED.**