NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. EC-11-1266-DJuKi |
| ROBERT M. VANCE and MARY L. VANCE, | Bk. No. 10-21844-CMK7 |
| Debtors. | Adv. No. 10-02255-CMK |
| JUSTIN PARRISH, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| ROBERT M. VANCE, | |
| Appellee. | |

Submitted Without Oral Argument
on November 16, 2011

Filed - December 1, 2011

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable David E. Russell, Bankruptcy Judge, Presiding

Appearances:     No appearance by or on behalf of Appellant, Justin Parrish.  Appellee, Robert M. Vance, appeared pro se and submitted on the briefs.

Before:  DUNN, JURY, and KIRSCHER, Bankruptcy Judges.

---

[1]     This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

1

This is the second appeal ("Vance Appeal") filed by Justin Parrish with respect to the same debt ("Parrish Debt").  In the first appeal ("Thomas Appeal"), the Panel agreed with the bankruptcy court ("California Central Bankruptcy Court") that Mr. Parrish was not entitled to relief against Glenn S. Thomas pursuant to § 523(a)(2)(A), because Mr. Parrish did not prove, by a preponderance of the evidence on each of the required elements, that the Parrish Debt was incurred by fraud.[2]  We adopt the analysis of the evidence in the Thomas Appeal and AFFIRM the bankruptcy court's ("California Eastern Bankruptcy Court") determination that any liability of Robert M. Vance on the Parrish Debt is discharged.

**FACTS**

Because the relevant factual details relating to the Parrish Debt are set out at length in the memorandum decision the Panel issued in the Thomas Appeal, we refer the reader to that decision for the factual background relating to the Parrish Debt.  We note in this memorandum only the ways in which the Vance Appeal differs from the Thomas Appeal.

Mr. Vance and his wife filed a voluntary chapter 7 petition on January 27, 2010.  On May 7, 2010, Mr. Parrish filed an adversary proceeding in the California Eastern Bankruptcy Court seeking to have any obligation of Mr. Vance on the Parrish Debt declared

---

[2]    See the unpublished memorandum decision entered October 7, 2011, in Parrish v. Thomas (In re Thomas), BAP No. CC-11-1096-DKiPa.

nondischargeable pursuant to § 523(a)(2).[3]

As relevant to the issues in the Vance Appeal, the California Eastern Bankruptcy Court entered a "Pretrial Scheduling Order" on August 24, 2010, which set October 28, 2010, as the date on which discovery closed, and November 23, 2010 as the date for the pre-trial conference. Following the pre-trial conference, the California Eastern Bankruptcy Court entered a civil minute order ("Trial Scheduling Order"), which (1) set the Vance Trial for March 8, 2011, at 10:00 a.m., and (2) set the deadline for the parties to comply with Civil Rule 26(a)(3) and Local Bankruptcy Rule 9017-1 with respect to alternate direct testimony declarations and marked exhibits.

Local Bankruptcy Rule 9017-1(a) sets forth the procedure for alternate direct testimony:

(a) Alternate Direct Testimony Procedure.

(1) Purpose. The purpose of this procedure is to facilitate pretrial preparation and to streamline the adducement of direct testimony in trial and contested hearings so as to reduce trial time without sacrificing due process and a fair trial. This procedure shall be known as the Alternate Direct Testimony Procedure.

(2) Applicability. Unless otherwise ordered, the Alternate Direct Testimony Procedure shall be used in all trials and contested hearings not scheduled for the law

---

[3] Mr. Parrish previously had included Mr. Vance as a defendant in the adversary proceeding he filed against Mr. Thomas. After the California Central Bankruptcy Court dismissed Mr. Vance as a defendant in the adversary proceeding filed in Mr. Thomas's bankruptcy case, Mr. Parrish commenced the adversary proceeding against Mr. Vance in the California Eastern Bankruptcy Court, where Mr. Vance's bankruptcy case was pending.

3

and motion calendar. The failure of any party to any such trial or contested hearing to object in writing at or before the pretrial conference, if one is held, or if not, on or before the date of the trial setting hearing, shall be deemed as consent to the use of this alternate testimony procedure for such trial or contested hearing.

(3) <u>Content and Preparation</u>. For each witness (excluding hostile or adverse witnesses) that an attorney calls on behalf of his/her client's case, there shall be prepared in triplicate a succinct written declaration, executed under penalty of perjury, of the direct testimony which that witness would be prepared to give as though questions were propounded in the usual fashion. Each statement of fact or opinion shall be separate, sequentially numbered and shall contain only matters that are admissible under the Federal Rules of Evidence (e.g., avoiding redundancies, hearsay, and other obvious objectionable statements).

Local Bankruptcy Rule 9017-1(c) provides that the California Eastern Bankruptcy Court could, in its discretion, allow live direct testimony even if it had ordered alternate direct testimony by declaration.

The Trial Scheduling Order provided that Mr. Parrish's trial materials were due February 14, 2011.

On February 14, 2011, Mr. Parrish complied with the Trial Scheduling Order and filed his pre-trial disclosures, in which he named himself and three other persons to be witnesses on his behalf, and in which Mr. Parrish included the exhibits he intended to rely upon at trial. Mr. Parrish also filed a declaration for each listed witness to be used as direct testimony at trial. On March 2, 2011, Mr. Parrish filed his trial brief.

Mr. Vance's trial materials were due by February 28, 2011. Mr. Vance filed his declaration and his trial brief on March 3, 2011.

4

In an apparent effort to delay the Vance Trial until after the California Central Bankruptcy Court had ruled in his favor against Mr. Thomas essentially on the same claim for relief, on February 9, 2011, Mr. Parrish filed a motion to continue the Vance Trial ("Continuance Motion"), which states in its entirety:

1. This is an adversary proceeding in which plaintiff is seeking to prove defendant borrowed money from plaintiff through false representations and is non-dischargeable under the Bankruptcy Code.

2. On November 23, 2010, this court set trial for March 8, 2011, and imposed a deadline of February 14, 2011 for plaintiff to file all of his witness declarations with the court and upon defendant. Plaintiff will meet that deadline.

3. Plaintiff is the senior building inspector assigned to a multi-million dollar construction project in the City of Irvine, County of Orange, California. Plaintiff is committed to being on the job every day for the term of this project which is scheduled to end by the end of May, 2011. Plaintiff is unable to interrupt this work to prepare for and attend the trial as currently scheduled for March 8th, 2011.

4. Plaintiff also expects to call three additional witnesses. One of those witnesses, an attorney, is not available for the current trial date.

5. Plaintiff is otherwise ready for trial and will serve upon defendant all of the materials as described in the Court's minute order of November 23, 2010.

6. Plaintiff anticipates that defendant will refuse to consent to the continuance of this trial date.

7. In the meantime, plaintiff wishes to engage defendant in settlement negotiations in order to obviate the necessity of trial.

8. Trial against [defendant's] business partner, Glenn S. Thomas, based on the identical issues is currently scheduled in the Bankruptcy Court for the Central District of California for February 23, 2011.

9. Plaintiff will be calling the same witnesses and

5

> offering the same exhibits at that trial as in his trial scheduled in the Eastern District of California. Plaintiff desires to show defendant that he has a strong case and that settlement would benefit all concerned.

Continuance Motion at pp. 2-3 (emphasis added).

Mr. Parrish set the Continuance Motion to be heard at 9:30 a.m. on March 8, 2011, immediately before the commencement of the Vance Trial. On February 22, 2011, a deputy clerk of the California Eastern Bankruptcy Court left a voice mail message for Mr. Parrish informing him that the Continuance Motion would be heard at 10:00 a.m. by Judge Russell and requiring that he file an amended notice of the hearing on the Continuance Motion. On February 28, 2011, Mr. Parrish filed the amended notice of hearing on the Continuance Motion. Also on February 28, 2011, Mr. Parrish filed a reply ("Reply") to Mr. Vance's opposition to the Continuance Motion, in which Mr. Parrish asserted that because Mr. Vance had filed no declarations or exhibits, he would not be prejudiced by any delay of the Vance Trial.

Notwithstanding notification from the California Eastern Bankruptcy Court that his hearing on the Continuance Motion was set at 10:00 a.m. before Judge Russell, on the Friday before the hearing, Mr. Parrish "signed up with CourtCall" to appear telephonically for "the 9:30 a.m. law and motion calendar." On the Monday before the hearing, CourtCall informed Mr. Parrish that they were cancelling his telephone appearance for the 9:30 a.m. law and motion calendar. Mr. Parrish asserts that because of this chain of events, he was not able to appear at the 10:00 a.m. hearing on the

6

Continuance Motion.

On March 8, 2011, the California Eastern Bankruptcy Court called the hearing on the Continuance Motion. Noting no appearance by or on behalf of Mr. Parrish, the bankruptcy judge asked the court clerk whether a message had been received from Mr. Parrish. The court clerk responded: "I believe so. I believe that he was -- what I have heard was that he was not going to be appearing today." The California Eastern Bankruptcy Court then ruled on the Continuance Motion:

> I read the [Continuance Motion]. [Mr. Parrish] basically states that he's working elsewhere and that one of his witnesses isn't available. Unfortunately for him, this Court is ready to proceed to trial. The trial date has been set and we're ready to go, and the Plaintiff is not here. The Plaintiff is apparently more interested in his job than he is in proceeding with his case.

Hrg. Tr. (March 8, 2011) at 3:23-4:4.

Although Mr. Parrish did not appear for the Vance Trial on March 8, 2011, the bankruptcy court conducted the Vance Trial in his absence. The only witness was Mr. Vance. Mr. Vance "testified" that on February 23, 2011, the Central California Bankruptcy Court had conducted the trial in Mr. Parrish's § 523(a)(2) adversary proceeding against Mr. Thomas. In the Thomas Trial, on the same evidence Mr. Parrish presented for the Vance Trial as his alternate direct testimony, the California Central Bankruptcy Court had found "[t]here was no fraud." Mr. Vance also clarified for the California Eastern Bankruptcy Court that Mr. Vance, as of the current March 8 trial date, still had never met Mr. Parrish. The California Eastern Bankruptcy Court then made the following findings on the record:

7

I have reviewed the documents that were submitted by both sides prior to trial. I know that that's not necessarily the best evidence that's available, but what was presented, I agree with you, Mr. Vance, they do not show fraud, certainly not on your part. You never met the man, never talked to him prior to his complaint being filed, I guess. . . . Consequently, judgment will be entered in your favor. I'm going to enter a judgment rather than dismissing the case so that [Mr. Parrish] has had his opportunity to be here in court and he wasn't here. He presented evidence, you presented evidence. I reviewed that evidence and concluded that you are entitled to a judgment in your favor, and that's going to be the ruling.

Hrg. Tr. (March 8, 2011) at 7:19-8:20.

On March 10, 2011, the California Eastern Bankruptcy Court entered two civil minute orders. The civil minute order with respect to the Continuance Motion provided: "The motion is ORDERED DENIED." The civil minute order with respect to the Vance Trial provided: "IT IS ORDERED that judgment is awarded in favor of defendant; any obligation owed to Justin Parrish by Robert Vance is discharged."

Mr. Parrish timely filed a motion to vacate the "judgment" and for a new trial ("New Trial Motion"). In the New Trial Motion, Mr. Parrish complained that the Vance Trial should not have taken place, primarily because he had requested a continuance of the trial date, and that both the California Eastern Bankruptcy Court and Mr. Vance had "plenty of advance notice" that Mr. Parrish "wished" the Vance Trial to be continued.

In the New Trial Motion, Mr. Parrish characterized as "facile" the California Eastern Bankruptcy Court's reasoning that because Mr. Parrish had never met Mr. Vance, Mr. Vance could not have committed fraud. Mr. Parrish asserts that had he been present

8

at the Vance Trial:

    - He would have alerted the California Eastern Bankruptcy Court to a joint venture agreement Mr. Vance had signed representing that Mr. Vance and Mr. Thomas had a 39.5-mile fiber optic job in Northern California, and to "evidence" that "they wished to borrow large sums of money to finance the job."

    - He would have alerted the California Eastern Bankruptcy Court to an equipment lease and purchase agreement also signed by Mr. Vance, and to "evidence" that Mr. Thomas had told Mr. Parrish that Mr. Vance needed the items of equipment identified in the agreement to complete the work.

    - He would have pointed out to the California Eastern Bankruptcy Court the direct testimony of Valdean Watson, an attorney, who opined that the documents referred to above constituted "unfortunate evidence" that Mr. Thomas and Mr. Vance wanted to borrow a large sum of money from Mr. Parrish without any intention of paying it back.

In addition to the New Trial Motion, Mr. Parrish also filed a motion for additional findings of fact and conclusions of law ("Additional Findings Motion"), asserting that the California Eastern Bankruptcy Court failed to state on the record how Mr. Parrish had failed to meet his burden of proving fraud.

Mr. Vance filed his own post-judgment motion, through which he sought to recover legal fees and costs of defense ("Costs

///

///

9

Motion").[4]

Following a hearing held May 12, 2011, on the three post-trial motions, the California Eastern Bankruptcy Court denied the New Trial Motion, on the basis that Mr. Parrish was required to appear at the Vance Trial notwithstanding the existence of his unresolved Continuance Motion. Under a mistaken recollection that the adversary complaint had been dismissed when Mr. Parrish did not appear at the Vance Trial, the California Eastern Bankruptcy Court also denied the Additional Findings Motion. Finally, the California Eastern Bankruptcy Court denied Mr. Vance's Costs Motion, finding that there was no basis for awarding fees in the case. Civil minute orders denying each of the post-trial motions were entered May 12, 2011, and Mr. Parrish promptly filed a notice of appeal.

## JURISDICTION

The California Eastern Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Mr. Parrish asserts on appeal that the California Eastern Bankruptcy Court abused its discretion in denying the Continuance Motion, the New Trial Motion, and the Additional Findings Motion. Mr. Parrish also asserts that the California Eastern Bankruptcy Court abused its discretion by not sanctioning Mr. Vance for

---

[4] Mr. Parrish and Mr. Vance both appeared pro se in all proceedings before the California Eastern Bankruptcy Court.

10

bringing the Costs Motion.  Finally, Mr. Parrish asserts that the California Eastern Bankruptcy Court erred when it ruled that Mr. Vance was entitled to a discharge of the Parrish Debt.

**STANDARDS OF REVIEW**

We may affirm the bankruptcy court's decision on any ground fairly supported by the record.  <u>Wirum v. Warren (In re Warren)</u>, 568 F.3d 1113, 1116 (9th Cir. 2009).

Ordinarily, we will not consider an issue raised for the first time on appeal.  <u>Golden Gate Hotel Ass'n v. City & County of San Francisco</u>, 18 F.3d 1482, 1487 (9th Cir. 1994).

**DISCUSSION**

Our decision in this appeal is easily reached.  In the Continuance Motion,  Mr. Parrish stated that he would be "calling the same witnesses and offering the same exhibits at [the Vance Trial as in the Thomas Trial] . . . ."  The declarations and the exhibits that Mr. Parrish relied upon as his alternate direct testimony in the Vance Trial was a subset of the evidence he relied upon in the Thomas Trial.  The Panel conducted a complete <u>de novo</u> review of the sufficiency of that evidence in the unpublished memorandum decision issued in the Thomas Appeal and found that evidence wanting to except the Parrish Debt from Mr. Thomas's discharge.  We therefore find no reversible error in the California Eastern Bankruptcy Court's determination that any liability Mr. Vance might have on the Parrish Debt likewise was discharged.

In light of this determination, we do not address Mr. Parrish's issues with respect to the Continuance Motion, the New

11

Trial Motion, and the Additional Findings Motion.

We reject Mr. Parrish's assertion on appeal that the California Eastern Bankruptcy Court abused its discretion when it failed to sanction Mr. Vance for prosecuting the Costs Motion. Nowhere in the record before us can we find that Mr. Parrish asked the bankruptcy court to impose any sanction on Mr. Vance. The relief Mr. Parrish requested in his opposition to the Costs Motion was that the California Eastern Bankruptcy Court deny the Costs Motion, "but only after the Court takes the time to examine defendant Robert M. Vance to document his PERJURY AND FRAUD."

**CONCLUSION**

Based on the Panel's analysis of Mr. Parrish's evidence in the Thomas Appeal, which we adopt for purposes of disposition of the Vance Appeal, the California Eastern Bankruptcy Court did not err in its determination that the Parrish Debt was discharged in Mr. Vance's bankruptcy case. We AFFIRM.