**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. NC-13-1331-JuKuPa |
| | ) | |
| JOHN SHEK, | ) | Bk. No. NC-12-33530 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOHN SHEK, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | M E M O R A N D U M* |
| | ) | |
| JANINA M. HOSKINS, Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on October 23, 2014
at San Francisco, California

Filed - November 3, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

_____

Appearances: Appellant John Shek argued pro se; no brief filed
or other appearance by appellee.

_____

Before: JURY, KURTZ, and PAPPAS, Bankruptcy Judges.

_____

* This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

-1-

Chapter 7[1] debtor John Shek appeals from the dismissal of his case under § 521(i)(1) for his failure to file the information required by § 521(a)(1)(B).  We AFFIRM.

## I.  FACTS[2]

On December 18, 2012, debtor filed a skeletal chapter 7 petition.[3]  The petition was accompanied with a statement of social security number, a mailing matrix, and an application to proceed in forma pauperis.  Rule 1007(c) requires the schedules and statement of financial affairs to be filed with the petition or within fourteen days thereafter.  Debtor did not file his schedules or a statement of financial affairs with the petition.

The bankruptcy court issued an Order For Individual(s) In Chapter 7 and Chapter 13 Cases To File Required Documents and Notice Re Automatic Dismissal, giving debtor notice that he was required to file his schedules and other documents within fourteen days of the order and, if he did not do so, the court might dismiss the case.  The notice also provided that within forty-five days of the petition date, unless debtor requested additional time, the case would be automatically dismissed

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] We have exercised our discretion to independently review several electronically filed documents in debtor's underlying bankruptcy case in order to develop a fuller understanding of the record.  See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989).

[3] This case followed dismissal of debtor's chapter 13 case in August 2012 based on his failure to make plan payments. [Bankr. Case No. 11-34444].

-2-

pursuant to § 521(i) if required documents had not been filed.

This order required debtor to file his schedules and other missing documents by January 2, 2013. On that date, debtor moved for an extension of time, which the bankruptcy court granted, extending the time to January 28, 2013. Debtor did not file the documents by this date and his case was dismissed on January 30, 2013. The chapter 7 trustee filed a report of no distribution, a final decree was entered, and the case was closed.

Shortly after, debtor filed a Motion To Reopen, Reconsider And Opposition To The Court's Motion to Dismiss. On May 9, 2013, the bankruptcy court held a hearing and granted debtor's motion to reopen and also vacated the dismissal. The court ordered debtor to file the missing schedules and other documents by May 31, 2013. The bankruptcy court also warned debtor that the deadline would not be extended again and, if he did not file the documents on time, the case would be dismissed. The bankruptcy court asked debtor if he understood. Debtor replied: "Thanks, Your Honor."

At the hearing, the United States Trustee (UST) requested that debtor waive the deadline for filing complaints objecting to debtor's discharge and for the nondischargeablity of certain debts, which was originally set for March 25, 2013. After some discussion between the court and debtor regarding what this waiver meant, the bankruptcy court asked debtor if he agreed to the extension of those deadlines. Debtor replied: "Thanks, Your Honor. Yeah." On May 10, 2013, the bankruptcy court entered the order consistent with its decision.

Three days later, debtor filed a motion for reconsideration of the bankruptcy court's May 10, 2013 order. Debtor alleged that the UST had made him waive his rights in exchange for the reopening of his case, which violated his due process rights. In response, the UST stated that her discussion with debtor pertained to the waiving of the deadline for filing complaints objecting to debtor's discharge and the nondischargeability of certain debts because creditors would be extremely prejudiced if new deadlines were not set.

On May 30, 2013, the bankruptcy court heard the matter. The bankruptcy court explained to debtor that the extension of various deadlines was to preserve the rights of creditors. Because debtor's schedules and other documents were due the next day, debtor requested another extension of time to file them. Debtor alleged that he had made numerous attempts to communicate with his accountant about his 2012 tax returns and the accountant would not respond. In the end, the bankruptcy court denied debtor's motion for reconsideration, but gave him an additional two weeks to file his schedules and statement of financial affairs. The court stated that there would be no other extension and, if the documents were not filed on time, the case would be dismissed. Debtor confirmed that he understood.

The bankruptcy court entered the order on June 4, 2013, which provided in part:

> (2) The Motion for Extension of Time is granted. On or before June 13, 2013, Debtor shall file: (a) Summary of Schedules; (b) Statistical Summary of Certain Liabilities; (c) Schedules A-J; (d) Declaration re Schedules; (e) Statement of Financial Affairs;

-4-

(f) Statement of Current Monthly Income (Form B22); (g) Statement re Payment Advice; and (h) Exhibit D. No further extensions of this deadline will be given.

(3) If Debtor fails to comply timely and fully with paragraph(2) of this order, the Court will dismiss this case without further notice or hearing.

Debtor did not file the required documents by June 13, 2013. On June 14, 2013, the bankruptcy court entered the order dismissing debtor's case (Dismissal Order).

On the same day, debtor filed Schedules A, B, C, D, E, and I, and a declaration concerning his schedules. Debtor also filed a motion to extend the time to file the remaining documents and exhibits.

On June 20, 2013, the chapter 7 trustee filed a report of no distribution, a final decree was entered, and the case was closed. The next day, debtor filed a notice of appeal (NOA) from the Dismissal Order.[4]

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C.

---

[4] On the same day that he filed the NOA from the Dismissal Order, debtor filed a Motion To Reopen And A Motion To Stay The Order And Notice of Dismissal. Debtor asserted that the delay in filing the documents was caused by mental stress, financial hardship and his health issues. He further pointed out that he missed the deadline for filing the documents by only one day and this was because he thought May had thirty days instead of thirty-one. Finally, debtor represented that he had contacted his accountant several times about his tax returns, but she did not respond. Thus, he could not timely file the returns. The bankruptcy court denied debtor's motions. The court found that debtor had been granted multiple extensions and that he was informed no further extensions would be given. Finally, the court noted that debtor's filings on June 14, 2013, were incomplete. Debtor did not appeal from this order.

-5-

§ 158.

## III.  ISSUE

Whether the bankruptcy court erred by dismissing debtor's bankruptcy case under § 521(i).

## IV.  STANDARD OF REVIEW

We review the bankruptcy court's order dismissing debtor's case based on § 521(i) de novo.  Wirum v. Warren (In re Warren), 568 F.3d 1113, 1116 (9th Cir. 2009).

## V.  DISCUSSION

**A.    The Bankruptcy Court Did Not Commit Reversible Error In Dismissing Debtor's Case.**

Pursuant to § 521(a)(1), a debtor must file a list of creditors, and, unless otherwise ordered, various other documents including a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of financial affairs.  See § 521(a)(1)(A) and (B).[5] "[I]f an individual debtor in a voluntary case under chapter 7 . . . fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."  See § 521(i)(1).

Exceptions to the automatic dismissal are made (1) if the court grants a debtor's request for an extension beyond the forty-five days; (2) if the court grants a trustee's motion

---

[5] Only the documents under § 521(a)(1)(B) are at issue in this case.

-6-

requiring an exception based on the debtor's good faith and the best interests of creditors; or (3) if the court exercises its discretion to waive the filing requirements because it determines the information is unnecessary or because dismissal will reward abuse by the debtor. § 521(i)(3), (4); Warren, 568 F.3d at 1118-19. On appeal, debtor argues that the bankruptcy court erred in dismissing his case because all three of these exceptions apply.

As to the first exception, debtor asserts that he demonstrated his need for a forty-five day extension at the May 30, 2013 hearing based on his financial hardship and the failure of his accountant to respond to him regarding his 2012 tax returns. Debtor argues that due to his circumstances he was entitled to a forty-five day extension under § 521(i)(3) instead of the fourteen days granted by the bankruptcy court.

This argument is not persuasive in light of the multiple extensions granted by the bankruptcy court. The bankruptcy court granted debtor's first request for an extension of time to file the required documents from January 2, 2013 to January 28, 2013. He did not comply and his case was dismissed. Upon reopening debtor's case, the bankruptcy court granted him another extension of time to file the documents to May 31, 2013. At the May 30, 2013 hearing, although his documents were due the next day, the bankruptcy court gave debtor another fourteen days, or until June 13, 2013, to file the missing documents. This additional fourteen-day extension of time for filing the documents was well past the forty-five day period allowed under § 521(i)(3) for extensions of time. Accordingly, we find no

-7-

error on this ground.

Next, as to the second exception, debtor contends he acted in good faith and that it would advance the progress of the case if it were allowed to proceed. See § 521(i)(4). According to debtor, the bankruptcy court refused to evaluate his good faith efforts to file the required documents. Here, however, the trustee never filed a motion requesting a good faith exception to the automatic dismissal so that exception does not apply. Indeed, at the May 30, 2013 hearing, the trustee confirmed with the bankruptcy court that if debtor did not file the required documents, his case would be automatically dismissed. At no time did the trustee advocate against dismissal based on debtor's good faith. We thus find no error on this ground.

Finally, as to the last exception, debtor argues that the bankruptcy court had discretion to waive the filing requirements under § 521(a)(1)(B) after the forty-five day period set forth in § 523(i), and it should have done so under these circumstances. Debtor asserts that his monthly income was 100% below the Poverty Guidelines and thus his statement of monthly income was "not that important." He further maintains that he was unable to produce his tax return due to circumstances beyond his control.

Debtor's waiver argument is misplaced. First, there is no indication in the record that he ever made a request to waive the filing of some, or all, of the required documents based on the reasons he now asserts, or for that matter any other reason. Because debtor raises this issue for the first time on appeal, it is waived. See Ganis Credit Corp. v. Anderson (In re Jan

-8-

Weilert RV, Inc.), 315 F.3d 1192, 1199 (9th Cir. 2003).

Second, a court may, in some circumstances, excuse the filing of information required by § 521(a)(1)(B) after the time for filing such information expires. In Warren, the debtors sought dismissal under § 521(i) in an attempt to prevent investigation into their financial situation and the circumstances surrounding the filing. In re Warren, 568 F.3d at 1115. Because § 521(a)(1)(B) does not expressly prohibit courts from excusing compliance with the filing provisions of § 521(a)(1)(B) (by "ordering otherwise") before the expiration of the ninety days after the commencement of a bankruptcy case, and in light of the purpose of the statute to prevent abuse of the bankruptcy process, the Ninth Circuit in Warren held that a court may waive compliance with § 521(a)(1)(B) after the expiration of the time to file the information. Id. at 1116-1119.

No such facts were presented here. Debtor did not seek the dismissal of his case like the debtor in Warren and there is nothing in the record that shows abuse of the bankruptcy process by preventing a financial investigation. Indeed, debtor argues against such abuse stating that he has acted in good faith. Under these circumstances, there was no need for the bankruptcy court to determine whether it was necessary to waive the filing requirements to prevent abuse. Therefore, debtor's waiver argument is not a basis for reversal.

In sum, having found no error, we conclude that the bankruptcy court properly dismissed debtor's case due to his failure to timely file his schedules and other documents despite

the numerous extensions.

**B.    Remaining Issues**

Debtor also raised an issue on appeal that related to his "waiver of rights" in exchange for reopening his case. This waiver concerns the extension of the deadline for filing a complaint objecting to debtor's discharge and the nondischargeability of certain debts. This issue is irrelevant to the outcome of this appeal.

Debtor further contends that he missed the court's deadline by only one day and therefore his case should not have been dismissed. We are not persuaded. The debtor was required to timely <u>and</u> fully comply with the bankruptcy court's order to avoid dismissal of his case. Even if the late-filed documents could be excused, debtor did not fully comply because some of the required documents were still missing.

Debtor also challenges the accuracy of the transcripts that he included in the excerpts of record. Three transcripts were prepared and filed with the bankruptcy court in the underlying case. Debtor filed copies of all three transcripts with the Panel which include interlineations indicating that he believes that some of the statements in the transcripts are inaccurate. Debtor submitted papers to the Panel requesting that the transcripts be changed to reflect that different statements were made at the bankruptcy court than the statements included in the transcripts.

On March 3, 2014, the bankruptcy court entered an order finding that the transcripts filed by the court reporter were an accurate reflection of the statements made at the bankruptcy

court hearings. A "trial court's factual finding that transcripts are accurate and complete cannot be disturbed unless clearly erroneous." United States v. Anzalone, 886 F.2d 229, 232 (9th Cir. 1989) (citing Maine v. Taylor, 477 U.S. 131, 144-45 (1986)). "[A]ssuming there were omissions in the transcripts, appellant cannot prevail without a showing of specific prejudice." Id.

Here, the bankruptcy court has independently verified that the transcripts are accurate. Moreover, debtor has not identified any substantive mistakes in the transcripts that might have an impact on the outcome of this appeal. Therefore, we reject debtor's challenge to the accuracy of the transcripts.

**VI. CONCLUSION**

For the reasons stated, we AFFIRM.