
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ROBERT HARRIS, | No. 13-60000 |
| Debtor, | BAP No. 11-1600 |
| ROBERT HARRIS, | MEMORANDUM* |
| Appellant, | |
| v. | |
| BANK OF AMERICA NA, as successor by merger to LaSalle Bank NA; JPMORGAN CHASE & CO.; CALIFORNIA RECONVEYANCE COMPANY, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Hollowell, and Dunn, Bankruptcy Judges, Presiding

Submitted March 5, 2015**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: MURPHY,[***] GOULD, and TALLMAN, Circuit Judges.

Debtor–Appellant Robert Harris appeals the bankruptcy appellate panel's (BAP) affirmance of the bankruptcy court's dismissal of his third amended complaint without leave to amend. We affirm.

We "conduct[] an independent review of the bankruptcy court's decision without deferring to the BAP." *In re Sabban*, 600 F.3d 1219, 1221 (9th Cir. 2010) (internal quotations removed). We review a bankruptcy court's decision on a motion to dismiss *de novo*. *In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009). However, we review for abuse of discretion a denial of leave to amend by a bankruptcy court. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). We may affirm the BAP's result on any ground supported by the record. *See In re Jones*, 657 F.3d 921, 924 (9th Cir. 2011) (citing *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir.1999)).

Harris, a *pro se* party below, argues that the bankruptcy court failed to provide "wide latitude" when construing his pleadings. We reject this argument. First, Harris failed to allege tender plausibly. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An allegation of tender is required when asserting wrongful

---

[***] The Honorable Michael R. Murphy, Senior United States Circuit Judge for the Tenth Circuit, sitting by designation.

foreclosure and requesting a set aside order under California law. *See Lona v. Citibank, N.A.*, 202 Cal. App. 4th 89, 112 (2011) (tender is a "condition precedent" to receiving a set aside order); *In re Cedano*, 470 B.R. 522, 529 (B.A.P. 9th Cir. 2012) (California courts require a defaulted borrower to allege tender to maintain a cause of action "for irregularity in the [foreclosure] sale procedure."). As the BAP noted, the closest Harris came to alleging tender was when he alleged, under his fraud claim, that he sought a new loan to pay off the old one. Even then, however, Harris' allegation did not account for California's strict "tender rule" requirements, including "do[ing] and offer[ing] everything that is necessary on [the borrower's] part to complete the transaction, and [that the borrower] *must fairly make known his purpose without ambiguity*, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." *Gaffney v. Downey Sav. & Loan Assn.*, 200 Cal. App. 3d 1154, 1165 (Ct. App. 1988) (emphasis in original). Harris' third amended complaint, even construed liberally and with the "great leeway" typically given *pro se* litigants' pleadings, *see Brazil v. United States Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995), does not plausibly allege facts that show he complied with California's strict tender requirements. The bankruptcy court properly dismissed Harris' wrongful foreclosure claim and request for a set aside order.

Second, Harris' fraud claim does not satisfy the heightened pleading requirement of Rule 9(b) of the Federal Rules of Civil Procedure, which requires a party to "state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Even though Harris filed his adversary proceeding complaint *pro se*, he must still "follow the same rules of procedure that govern other litigants." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987)) (internal quotations removed). Even giving Harris "great leeway" in that context, his fraud claim fails to allege sufficiently the required "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation," even in rudimentary form. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010). The bankruptcy court properly dismissed Harris' fraud claim.

Harris also argues that "[l]eave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment" and that "[i]t is not clear in this case that the complaint's deficiencies could not be cured by amendment." Further, Harris argues that the bankruptcy court "did not provide written findings to act as guidance for Harris" so that he could amend his complaint for a third time to survive dismissal. We reject these arguments.

Contrary to Harris' first argument, four factors determine whether a denial of leave to amend is an abuse of discretion: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007). As to futility, the bankruptcy court gave Harris three opportunities to draft a satisfactory complaint after he failed the first time. While Harris added and dropped claims throughout his complaint-drafting process, he settled on three claims for the fourth and final version—fraud, wrongful foreclosure, and a request for a set aside order. But Harris had maintained these claims in the previous iterations of his complaint that the court had held inadequate. The bankruptcy court did not abuse its discretion in dismissing Harris' third amended complaint without granting leave to amend, because after seeing several failed versions of the complaint, the bankruptcy court reasonably concluded that Harris would not be able to cure his claims' deficiencies by amendment.

That Harris proceeded *pro se* does not change our conclusion. Although *pro se* litigants receive "great leeway" when a court construes their pleadings, opposing parties are still entitled to a "minimum threshold" informing them of what they allegedly did wrong. *Brazil*, 66 F.3d at 199. Harris' third amended complaint was deficient, but he argues that a *pro se* litigant is entitled to some form of guidance

5

from the bankruptcy court in order to draft a satisfactory complaint. Harris cites no authority for this principle and we can find none. Harris did not meet the "minimum threshold" of giving notice of valid claims to the opposing parties. The bankruptcy court did not help Harris draft his complaint, but nonetheless we conclude that the court's several grants of leave to amend, as well as its reinstatement of Harris' adversary proceeding after at first dismissing it for failure to prosecute, support the conclusion that the bankruptcy court gave "great leeway" to Harris, fairly entertained his *pro se* advocacy efforts, and correctly evaluated the deficiencies of Harris' prior complaints that were considered and rejected.

**AFFIRMED.**